## Pennsylvania Railroad Co. *versus* Borough of Irwin.

1.  A railroad company having in the construction of its road changed the location of a township road, and having erected a bridge over a creek for a new public road, and refused to repair and maintain it, the township rebuilt it.   *Held*, that the company was liable to the township for the cost of the bridge.

2.  The company having originally built the bridge to meet the necessities of the public, the duty devolved upon it to maintain and repair it.

October 25th 1877.   Before MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ.   AGNEW, C. J., and SHARSWOOD, J., absent.

[Pennsylvania Railroad Co. v. Borough of Irwin.]

Error to the Court of Common Pleas of *Westmoreland county*: Of October and November Term 1877, No. 245.

The borough of Irwin, plaintiff below, brought an action of assumpsit for the value of a bridge, against the Pennsylvania Railroad Company, which pleaded non-assumpsit. On the trial the jury found a special verdict of the following facts : that the railroad company, in the construction of their road in 1851, changed the location of the township road, and a bridge over the creek became, and is still necessary ; that the company erected a bridge at that time and renewed it in 1853 and 1866 ; that the bridge as made in 1851 was adequate to the necessities of the public; that in 1875 it was necessary to rebuild the bridge ; that plaintiff below notified defendant to rebuild it ; that defendant refused to do so, and plaintiff below rebuilt it ; that the bridge built in 1851 cost $150 ; that in 1853, $250 ; that in 1866, $300 ; and that in 1875 was of the value of $3497. The court entered judgment on the special verdict for this last amount for plaintiff below. The entry of this judgment was assigned for error.

*H. D. Foster* and *H. C. & J. A. Marchand*, for plaintiff in error.—The maintenance and repair of public highways are thrown upon the county in which they are located: Rex *v.* Inhabitants of West Riding of Yorkshire, 2 East 342 ; Rex *v.* Inhabitants of Bucks, 12 Id. 192 ; and without a contract there is no liability on the part of the railroad to maintain the bridge, unless the law imposes the duty on it. The Act of Assembly of 27th March 1848, Pamph. L. 275, requires railroad companies to construct bridges, but does not compel them to maintain and keep them in repair. A bridge is part of a highway : Rapho *v.* Moore, 18 P. F. Smith 404. The railroad company was bound to build in the first instance, but was not bound to repair and maintain. This last duty fell upon the authorities : Meadville *v.* The Erie Canal Co., 6 Harris 66 ; Erie *v.* The Erie Canal Co., 9 P. F. Smith 174 ; Township of Newlin *v.* Davis, 27 Id. 317

*Edgar Cowan*, for defendant in error.—The railroad company being originally liable to build the liability to repair is continuous: Commonwealth *v.* Pittsburgh and Connellsville Railroad Co., 12 Harris 161 ; Woodring *v.* Forks Township, 4 Casey 361 ; Pottsville *v.* Norwegian Township, 2 Harris 543 ; Phœnixville *v.* Phœnix Iron Co., 9 Wright 139.

Mr. Justice GORDON delivered the opinion of the court, November 5th 1877.

The railroad company by making use of the former permanent road-bed, not only made a bridge a necessity, but also rendered its

4 NORRIS—22

[Pennsylvania Railroad Co. *v.* Borough of Irwin.]

perpetual maintenance a necessity, for by no other means could the highway be made to subserve the purposes of its creation. Such being the case, and the company having refused to rebuild, it was the duty of the borough of Irwin so to do, for upon it as to the public, devolved the duty of keeping the roads and streets within its limits in proper order: Newlin *v.* Davis, 27 P. F. Smith 317; If, however, this rebuilding was a duty, which by law, rested upon the company and which it ought to have performed, then is the borough entitled to recover the cost of such rebuilding from the company: Pottsville Borough *v.* Norwegian Township, 2 Harris 543; Penna. Railroad Co. *v.* Duquesne Borough, 10 Wright 223. The remaining question is, did such a duty devolve upon the company? Where the owner of the land, over which a public road runs, cuts a ditch across such road for his own purposes, he is not only bound to build a bridge but to maintain it perpetually thereafter: Woodring *v.* Forks Township, 4 Casey 355. But there is no reason why a corporation in a similar case should be exempt from an obligation to which a natural person would be liable; besides this, it is not reasonable that the company having for its own purposes and profit created the necessity for the bridge in question should throw the burden of its maintenance over upon the public; for not only did it give rise to this necessity but that necessity is continued for its own benefit; if the company occupied the old road in the first place, it still continues the occupancy thereof. If it was necessary for it to build the bridge, it is just as necessary for it to rebuild when dilapidation and decay make rebuilding proper. The duty of the company, then, is obvious unless it is released therefrom by some Act of Assembly. But the Act of 1848 so far from relieving it of this obligation recognises and enforces it, for it requires the corporation, when it conceives it to be necessary to use a public road, "to cause the same to be reconstructed, forthwith, at its own proper expense, on the most favorable location and in as *perfect a manner as the original road.*" The intention here manifestly is that no additional or unwonted burthen should be cast upon the public by the company's use of the old road; but the maintenance of a bridge is such a burthen, often a very heavy one, and such as the company and not the municipality should support. This duty of bridge maintenance was recognised in the case of the Pennsylvania Railroad Company *v.* Duquesne Borough, above cited, as against the vendor of the state canals, though the necessity for the bridge in controversy had been created by the Commonwealth, by which it had originally been built, and against which such a duty as maintenance could not have been enforced.

Judgment affirmed.