## CITY OF CHESTER VS. PHILADELPHIA, WILMING-TON & BALTIMORE RAILROAD COMPANY.

Where a city lays out a street across a railroad it is the city's duty to construct the crossing.

Error to Common Pleas of Delaware County. No. 98 January Term, 1881.

This case arose upon the following case stated:

The company, plaintiff, was legally the owner of the right of way for and had located and constructed its road bed at the place of intersection of Parker street hereinafter mentioned for a long number of years before the said city, defendant, had been incorporated or any plan of streets of said city made and before said Parker street had been projected, surveyed, laid out or ordered to be opened.

The said city by duly authorized proceedings under its charter has ordained the said Parker street to be opened and the proper city officers are proceeding to open and construct the said street.

Such construction necessarily involves the construction of a crossing over the road bed of said defendant at the point of intersection of the said street therewith, and to effect the same it will be necessary to lay down planking between the rails and to place trunks in the ditches which the company, plaintiff, have made and maintained along the sides and within the lines of its said road bed, the said planking and trunks forming a part of the roadway of said street.

The said company has refused to construct the said planking and trunks, protesting that there is no legal obligation upon it to do the same, but at the request of the said city the said company has constructed said planking and trunks under an agreement with said city that no legal rights of either party shall be waived thereby.

If the Court be of opinion that the said city was bound in law to construct the said Parker street across said railroad, then judgment in favor of the plaintiff for the sum of one hundred dollars, but if the Court be of opinion that said railroad company was bound in law to construct said crossing

over its said road bed then judgment in favor of the defendant.

The costs to follow the judgment, and either party reserving the right to sue out a writ of error therein.

---

The Court entered judgment in favor of the railroad company in the following opinion, per

CLAYTON, P. J.:

The plaintiff's road was built before the plan of streets, including Parker street, was adopted. The street has recently been laid out and opened across the railroad, at grade. The question submitted is whether the city is bound, in law, to construct the said Parker street across the plaintiff's railroad by building the necessary trunks in the side ditches, and by planking the road bed between the rails.

It was announced, upon the argument, that no authorities could be found upon the subject. The reason they could not be found must have been because they had not been looked for. Questions of this kind have repeatedly arisen, and, as far as my researches have gone, have all been decided one way. They will be found in cases where mill races, canals, culverts, and turnpike roads have been crossed by streets and highways, or where they have crossed public thoroughfares. The general rule is this: where a road crosses a mill race or canal, already in existence, the authority building the road must bridge the race or canal. Where a race or canal crosses a public or private road, already laid out and opened, the owners of the water right must build and keep in repair the bridge.

The same rule applies to railroads. A railroad is as much a public highway as the street of a city. Both have easements upon the soil. The grant to the railroad company, in this case, was undoubtedly subject to the public right of opening streets and roads over it, at convenient places, for the necessities of public travel. If a new railroad may cross an old highway, or, by legislative authority, occupy an old street, the converse is implied, and a new street may cross an old railroad. The former right having been settled by numerous adjudications,

3 Wa 24

the latter by parity of reasoning, must be admitted. The owner of the servient tenement may dig a mill-race across a public road, but he must build a bridge. So a public road may cross a mill race, but the township opening the road must build the bridge. So a city may take up the rails of a railroad to build a culvert across it, but it must replace them again. The right to build the culvert could hardly be construed as imposing upon the railroad company the duty of filling up the excavation, and relaying its rails at its own expense. So, where public highways cross canals, the bridges are to be built and maintained by the public. It need hardly be argued that the public authorities in laying out and opening a new road over an old canal, could stop at the bank and require the canal company to build them a bridge. This is parallel to the present case, its only difference consists in a greater degree of absurdity; See Woodring vs. Forks Township, 4 C., 355; North Pa. R. R. vs. Stone, 8 Am. Law. R., 112; Pa. R. R. Co. vs. Duquesne Borough, 10 W., 223, and Union Canal Co. vs. Pinegrove Township, 6 W. & S., 560. There are numerous other authorities in our sister states, but they need not be cited, as the principle is one of common sense. I have not been referred to the charter of the plaintiffs. It may contain something imposing the duty of keeping its road, where crossed by public streets, in repair. If it does not, the duty in this case is with the city. I do not decide that the city is bound to adopt plank or any other material, neither is it bound to consult the engineer of the road. It may pave its street across the entire road, leaving only the proper and necessary rail for the plaintiff's cars. If the railroad company wish to adopt any particular kind of crossing different from that constructed by the city authorities, they must do it at their own expense. All that is now decided is that the city must construct the necessary crossing. The kind of work or material to be used must be left to the judgment of its properly constituted agents.

Judgment for the plaintiffs on the case stated.

The City of Chester then took a writ of error complaining

of the entry of the judgment in favor of the railroad company.

*Orlando Harvey, Esq.*, for plaintiff in error, cited Act February 19, 1849, P. L. 84, section 12; Act April 2nd, 1867, P. L., 677; Dillon on Municipal Corporations, section 796.

*William Ward, Esq., contra,* cited Rapho vs. Moore, 68 Pa., 404.

The Supreme Court affirmed the judgment of the Common Pleas on April 1st, 1881, in the following opinion,

PER CURIAM:

When the plaintiffs laid out a road across the track of the defendant, it seems too clear for argument that the defendants were under no obligation to construct it. If the railroad company had sought to cross an established highway it would have been bound to construct a sufficient crossing. On the other hand the correlative obligation of the city in crossing the road with a new street is just as clear.

Judgment affirmed.