## Pa. Schuylkill Val. R. R., Appellant, *v.* Reading Paper Mills.

*Street—Obstruction of—Injunction—Railroad—Title to condemned land—Pleading.*

A railroad company, which has condemned land immediately adjoining a public road, has a sufficient ownership therein to entitle it to a bill in equity against the unlawful obstruction of the highway; and this ownership is well pleaded when the facts of the condemnation proceedings, and the resulting title, are fully set out in the bill.

The title of a railroad company to land condemned for depots, stations, etc., is not correctly called an easement; it is a fee in the surface, and so much beneath as may be necessary for support, etc., though a base fee, terminable on the cesser of its use for railroad purposes.

*Laches—Notice—Demurrer.*

Where, in such a case, the bill avers notice and warning to defendants, but is demurred to on the ground that it shows laches on the part of the complainant in permitting the erection of buildings without instituting proceedings to enjoin, or giving timely notice to desist, the question of laches is to be determined on the facts when developed by the evidence, not on demurrer.

*Erection of buildings on public street—Presumption—Notice—Estoppel.*

It seems that, where buildings are erected upon a public street, those erecting them must be conclusively presumed to know that they are wrong-doers, and, in such a case, it may be doubted if want of formal notice, or anything short of acts of encouragement, would estop an adjoining owner from complaining of the erection.

Argued Feb. 29, 1892. Appeal, No. 24, Jan. T., 1892, by plaintiff, from decree of C. P. Berks Co., dismissing bill in

equity on demurrer.   Before STERRETT, GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

The bill filed July 12, 1889, set out that there was a common public highway of the commonwealth in the city of Reading known as Court street; that the plaintiffs owned in fee, and used for railroad purposes, a lot separated from Court street by a wedge-shaped piece of land, and, in order to give them access to the said Court street from the property owned in fee, and also because they needed the wedge-shaped piece, they prepared, tendered, and, on Nov. 1, 1884, filed in court a bond conditioned for the payment of such damages as the then owners of the said property should be entitled to receive, and so condemned the same for railroad purposes, under the provisions of the general railroad laws of the commonwealth, and subsequently, in a specified proceeding, the damages were assessed by viewers, in accordance with the provisions of the act of assembly in such case made and provided, which damages were duly paid by the plaintiffs to the then owners of the said property, who were the predecessors in title of the defendants, of which facts the defendants had notice previous to the acts complained of; that the said land was chiefly useful to the plaintiffs, by reason of its frontage on Court street, and was acquired by them on account of said frontage; that, in 1888. the defendants constructed a fence across Court street, and another fence, ten feet high, along the side of Court street, adjoining said wedge-shaped piece of land, and also erected divers buildings upon the street; that, on Nov. 26, 1888, while defendants were constructing said obstructions, plaintiffs gave them written notice that they had acquired the property aforesaid in order to have a front upon Court street, and that they objected to the erection and continuance of said obstructions. The bill prayed for an injunction, commanding the defendants to remove the said fence and buildings, and to hereafter refrain from unlawfully obstructing the highway.   The causes of demurrer are stated in the opinion.

*Errors assigned* were (1) dismissal of bill, (3) at the costs of the plaintiffs; and (2) sustaining of demurrer.

*Cyrus G. Derr*, for appellants.

*Isaac Hiester*, *Baer & Snyder* with him, for appellees.—The

plaintiffs, having only an easement in the lot adjoining the highway, do not sustain such special damage as to entitle them to an injunction restraining the obstruction : Black v. R. R., 58 Pa. 249; Coal Co. v. Nav. Co., 50 Pa. 91; Cox's Ap., 11 W. N. 571.

OPINION BY MR. JUSTICE MITCHELL, May 9, 1892 :

The court below dismissed the bill on the ground that it showed no special damage to the complainant because it alleged no ownership of the lot of ground adjoining Court street. The learned judge seems to have regarded ownership in this connection as limited to a technical estate in the land, if not to a fee simple. But this is much too narrow an interpretation. Ownership is not a technical word, and its use in equity in this connection is not necessarily limited to a technical estate. It includes any interest in the land that is capable of receiving such special damage from the obstruction of the street, as may distinguish not only in degree but in kind, the injury to the party interested from the injury to the general public. Such an interest in the complainant was clearly set forth in the bill. Complainant is the owner in fee of a lot separated from Court street by a wedge-shaped piece of land 228 feet in length along the north side of Court street by 72 feet in width at the widest part at Front street and coming to a point on Court street at or near the canal bank. This wedge the complainant has acquired by condemnation for railroad uses, the damages having been assessed and paid. The title of complainant is therefore complete. Such title is sometimes called an easement, but it is a right to exclusive possession, to fence in, to build over the whole surface, to raise and maintain any appropriate superstructure including necessary foundations and to deal with it within the limits of railroad uses as absolutely and as uncontrolled as an owner in fee. There was no such easement at common law, and it may well be doubted if it is not a misnomer to extend to this newly-invented interest in land the name of easement, perhaps appropriate enough to the railroad's ordinary right of way for its tracks. It would seem to be rather a fee in the surface and so much beneath as may be necessary for support, though a base or conditional fee, terminable on the cesser of the use for railroad purposes. But whatever it may be called

it is in substance an interest in the land special and exclusive in its nature and which may be the subject of special injury by the obstruction of access to the abutting street, and therefore within the rule which governs the application of equitable relief.    The right of exclusive possession includes the right of ingress and egress from the street, and in this respect the injury is exactly the same as to a tenant for life or for years, whose right to relief would be unquestionable, and is entirely different from the general right of the public to pass along the street.

If the question be regarded merely as one of pleading, in which aspect also it has been argued, the facts and the resulting title to the lot, are fully set out in the bill, and the matter of ownership thus fairly presented.

This was the only ground assigned by the learned court for dismissing the bill, but as the demurrer raised some others it may be well to advert briefly to them.

It is said that the bill shows laches on the part of the complainant in permitting the erection of buildings without instituting proceedings to enjoin or giving timely notice to desist. But to this there are two answers, first the bill avers notice and warning to defendants, and whether this was timely and sufficient, and whether laches shall appear as to the fence as well as buildings, or vice versa, are questions to be determined on the facts when developed by the evidence, not on demurrer.    But secondly it is averred in the bill that the buildings are upon a public street, and if so defendants must be conclusively presumed to know that they were wrongdoers in the erection, and it may be doubted if want of formal notice or anything short of acts of encouragement, would estop the complainant.

The other points, that the bill does not make out a case for equitable relief, and that complainant has an adequate remedy at law are clearly dependent on the first ground, that no interest in the land has been shown that will sustain the allegation of special injury.    This has already been disposed of.

Decree reversed and bill reinstated with directions to overrule the demurrer.