## Albert Snyder *v.* Steinmetz & Zearfoss, Appellants.

*Province of court as to whether there is a question for the jury.*

*Contract—Presumption of payment—Question for jury.*

Where there is more than a scintilla of evidence in the case, from which a contract reasonably might be inferred, and a presumption of payment is not conclusive, and where if the testimony of the plaintiff is believed such contract is established and such presumption of payment is rebutted, the question of credibility is for the jury.

*Contract—Implied contract—Extra wages—Rebuttable presumption of payment.*

A contract to do extra work may be implied from a request to do such work, and the subsequent performance thereof and the presumption of payment arising from a delay in presentation of a claim for extra compensation, coupled with a regular receipting for regulation wages may be rebutted by evidence which is, if believed, clear, complete and convincing.

Argued Dec. 9, 1897. Appeal, No. 161, Oct. T., 1897, by defendants, from judgment of C. P. Northampton Co., May T., 1897, No. 71, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Appeal from magistrate. Before SCHUYLER, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $68.00. Defendants appealed.

*Errors assigned* were, (1) The charge of the court below is misleading when he says to the jury that " it is an undisputed fact that the plaintiff rendered the services for which he seeks to recover." The part of the charge where the court misleads the jury is as follows : " It is undisputed that beginning with the year 1895, on the 10th of December, and ending on the 29th day of March, 1897, the plaintiff cared for the horses of the defendants on Sunday. If this service was rendered to the defendants at their request, or at the request of either of them, or if it were rendered to the defendants without any request having been made upon the subject, if they knew that the services were being rendered, then, if there were nothing further in the case, the plaintiff would be entitled to a verdict at your hands for the value of these services. But these facts do not stand alone. It is contended on the part of the defendants that the plaintiff is not entitled to recover notwithstanding he rendered these services. The defendants deny that they requested the plaintiff or that either of them requested the plaintiff to render these services. They deny, at least impliedly, that these services were rendered for them, my recollection of the testimony being that they presumed the services were being rendered for the other drivers in their employ. If that be so then the plaintiff would

not be entitled to recover for the services, if there were nothing further in the case than that fact. If the plaintiff rendered these services without being requested to do so, and if he rendered them for the other employees of the defendants, and they got the benefit of the services, and the defendants did not get the benefit of the services, then the plaintiff would not be entitled to recover. . . . Now, I have said to you that if these services were rendered to the defendants at their request, or with their knowledge, that that standing alone would entitle the plaintiff to recover the amount which would compensate him for what those services were really worth. I leave all the facts with you. There are two facts and very important facts in the case that are wholly undisputed. The one is that these services were actually rendered." (2) In that part of their charge where they say : " The law upon this subject is this, that where settlements are made with employees from time to time, and the employee receives payment from time to time for the services which he has rendered, and does not complain that the amounts that he received were too small, but accepts them without objection and without any remonstrance on his part, I say the law applicable to that condition of things is that it is very strong evidence that the claim of the plaintiff is not well founded. I have been asked to take the case away from you upon that point. I do not think that the law goes that far, but the law goes this far, that, as I have said to you, the fact of the receipt of so many payments without any hint at all of any omission, is strong evidence that a superadded claim is not well founded." (3) In their answer to the defendants' point. The point and answer thereto are as follows : "1. The court is asked to say to the jury that the plaintiff's claim being for wages, and he having worked for the defendants from December 10, 1895, to March 29, 1897, and the defendants having paid him every Saturday night, and he never having demanded extra pay for Sundays, the presumption is that the wages paid him on Saturday night was in full of all moneys due him up to the time of such payments. *Answer :* If you find the facts as stated in this point, these facts furnish strong evidence against the claim set up by the plaintiff." (4) In their answer to the plaintiff's third point. The point and answer thereto are as follows : "3. If there be substantial change in the nature or amount of the labor

and service performed by the plaintiff, the law presumes that the plaintiff is entitled to extra compensation, proportioned to the increased labor and services. *Answer:* That point I affirm with the same qualification."

*William Fackenthall,* for appellants.—The payment to the plaintiff every Saturday was a payment in full for the week, was so considered and accepted by the plaintiff and the court should have said so to the jury: Webb v. Lees, 149 Pa. 13; 153 Pa. 436; McConnell's Appeal, 97 Pa. 31.

*A. B. Howell,* for appellee.—If the contract was not done by request, but the appellants knew that it was being done and received the benefits of it, the law implies an obligation on their part to pay for it: Swires v. Parsons, 5 W. & S. 357; Curry v. Curry, 114 Pa. 367.

The presumption of payment in this case is but a presumption of fact and may be rebutted: McConnell's Appeal, 97 Pa. 31.

If there be more than a mere scintilla of evidence in support of the appellee's case, even though it be weak, it is an error for the court not to submit it to the jury: Patterson v. Dushane, 115 Pa. 334; Express Co. v. Wile, 64 Pa. 201; Bank v. Wireback, 106 Pa. 37.

OPINION BY BEAVER, J., January 18, 1898:

The plaintiff, a driver of a horse which he attended only during working days, being in the employ of the defendants at a stipulated rate of wages, which were paid at the end of each week, alleged that one of his employers had handed him the keys of the stable in which the four horses belonging to the defendants were kept, saying " You take care of the horses and feed them and I will make arrangements with you in a day or two." This was immediately after another employé in the service of the defendants, who had general charge of the horses and their exclusive care on Sunday, left that employment.

As was said by the court below, it was " undisputed that beginning with the year 1895 on the 10th of December and ending on the 29th day of March, 1897, the plaintiff cared for the horses of the defendants on Sunday." This was testified to by

the plaintiff, by one or more of his co-employees and by others who had knowledge of the facts. It was not disputed. One of the defendants admitted his knowledge of the fact that the plaintiff was doing the work for which he claimed but added, by way of explanation, that he supposed he was doing it for and under some arrangement with the other drivers. There was no denial and no attempt at denial of the fact that the plaintiff actually did the work.

The defense was twofold: First, that the work was not done for the defendants under any contract, either express or implied, and that, therefore, they were not liable to pay for the same; and, second, that the weekly payments made by the defendants and accepted by the plaintiff raised the presumption " that the wages paid on Saturday night was in full of all moneys due him up to the time of such payments."

It is not claimed by the plaintiff that there was any express contract between him and the defendants for the extra work for which he claims in the present suit. The contract must be inferred from the alleged request made by one of the defendants, when the keys were delivered to the plaintiff, to take charge of the horses and that he would make an arrangement in reference thereto in a day or two, and from the fact that plaintiff entered upon and continued to perform the extra work which the alleged employment contemplated and imposed. It is not alleged that such an arrangement ever was actually made. The plaintiff could recover, therefore, if entitled to anything, only what the services rendered in pursuance of this alleged request were reasonably worth. As to their value there was ample evidence for the consideration of the jury.

The presumption of payment, raised by the facts in evidence, was twofold: First, that arising from the delay in making demand for payment for the alleged extra services, until the plaintiff's discharge; and second, from the acceptance every week of the regular weekly wages which were paid subsequent as well as prior to the alleged employment for extra work, for which the plaintiff claimed.

In McConnell's Appeal, 97 Pa. 31, where a domestic servant made no demand for the payment of wages, until after the death of her employer and several years after the services were rendered, it was held that this delay raised a presumption of pay-

ment, but it was said by Mr. Justice PAXSON who delivered the opinion of the court, "It is, however, a presumption of fact merely and liable to be rebutted." In Webb v. Lees et al., 149 Pa. 13, relied upon by the appellants, it was held that "When an employee is shown to have accepted wages from week to week for a period of months, at a rate in accordance with his own returns of time, it is convincing evidence that he was to be paid according to time, and not only should it be so set before the jury but the jury should not be permitted to disregard it in the absence of an explanation equally clear, complete and convincing and made out by evidence that does and ought to carry conviction." The facts in both of these cases were, however, different and easily distinguished from those which we are considering. The evidence in the present case was such as was necessarily submitted to the jury. If believed by them, as it evidently was, it rebutted the presumption of fact raised by the delay in making the demand and was sufficiently convincing to satisfy the jury that the weekly envelope payments had not contained the wages earned by the plaintiff in the extra work alleged by him to have been done on Sunday in the stables of the defendants for their benefit. The testimony of the plaintiff as to the employment by one of the defendants was specific, the fact that he did the work was clearly proved and seems to have been known by both the defendants, Steinmetz testifying on cross-examination that the fact was communicated to him by his partner, and the plaintiff's explicit statement was evasively met by Steinmetz in his cross-examination. There was, therefore, much more than a scintilla of evidence which could not be withheld from the jury: Patterson v. Dushane, 115 Pa. 334. It is true that "there is in all cases at law a preliminary question for the court whether there is any evidence of the facts sought to be established that ought reasonably to satisfy the jury. If there is evidence from which the jury can properly find the question for the party on whom rests the burden of proof, it should be submitted. If not, it should be withheld from the jury:" McKnight v. Bell, 135 Pa. 358; but there was evidence in this case from which a contract might be reasonably inferred and the presumption of payment was not conclusive: Weaver v. Craighead, 104 Pa. 288; Cover v. Manaway, 115 Pa. 338. If the testimony of the plaintiff was

to be believed, the jury could well find in his favor and the question of his credibility was entirely for them.

The instructions of the trial judge in the court below as to the implied contract under which the plaintiff sought to recover and as to the effect of the receipt of his weekly wages were not unfavorable to the appellants ; and, taking the charge and answers to points together, fully and fairly covered the case.

The judgment is, therefore, affirmed.

*Province of court as to whether there is question for jury.*

There is in all cases at law a preliminary question for the court whether there is any evidence of the facts sought to be established that ought reasonably to satisfy the jury ; if there is evidence from which the jury can properly find the question for the party on whom rests the burden of proof, it should be submitted. If not, it should be withheld from the jury.