## J. C. Lehman, Appellant, *v.* A. H. Murtoff.

*Estoppel from silence—When to be invoked.*

Estoppel from mere silence cannot operate in favor of one who must be conclusively presumed to have known that he was a wrongdoer, and therefore, could not have been misled.

*Notice, rule as to its requirement.*

Notice is required to a man who acts bona fide, not to him who wilfully and obstinately persists in using that to which he has no title, or pretense of title, without giving or offering compensation.

*Charge of court—Liability to misconstruction, cause for reversal.*

Where a trial judge gives instructions which might naturally be misconstrued by an unlearned jury, although there was abundant evidence to justify the verdict, the appellate court has no means of knowing to what extent this instruction influenced the jury in their verdict; it cannot say that an error in instructions was harmless and will therefore reverse.

*Charge of court—Erroneous instructions touching conditions working estoppel.*

The evidence touching the plaintiff's conduct being conflicting it was error for the court to instruct the jury "that if an owner of land stands by and sees another under a claim of right, place improvements upon his, the plaintiff's, soil without warning him not to do so, he will not afterwards be permitted to set up an adverse claim to the lands so built upon."

In the case at bar there was conflicting evidence, that of the defendant tending to show that plaintiff not only stood by and permitted but actually encouraged the trespass complained of; on the part of plaintiff that defendant tore down an admitted division fence and built the offending building wittingly across the line. *Held*, That the charge was defective in that it failed to qualify the instructions given by pointing out the necessity of credence being given to defendant's testimony, the charge being open to the inference that mere failure to warn defendant not to build over a known and recognized division line alone worked an estoppel from afterward asserting title to the land.

Argued March 16, 1898.   Appeal, No. 34, March T., 1898, by plaintiff, from judgment of C. P. Cumberland Co., Feb. T., 1896, No. 71, on verdict for defendant.  Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Reversed.

Trespass.   Before E. W. BIDDLE, P. J.

The facts sufficiently appear in the opinion of the court. Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1) in not charging the jury as requested by plaintiff's first point without qualification.   The point was as follows: " The true contention in this case is the location of the old fence line, and if the jury find that any of the buildings erected by the defendant are upon the lands of the plaintiff, he would be entitled to recover, and if the roofs or cornice of the same project, it would be a trespass even if the foundation or body of the structure was on defendant's land.   *Answer:* This point is affirmed unless the jury find that the plaintiff is estopped by his acts and conduct as hereinafter explained from complaining in regard to defendant's buildings.   The court qualify this answer in the general charge as follows: ' In case you determine that the defendant has built across the line, did the plaintiff by his acts and conduct mislead the defendant as to his right to do so?   The law upon

this subject is, that if an owner of land stands by and sees
another, under claim of right, place improvements upon the
former's soil and without warning him not to do so, he will
not afterwards be permitted to set up an adverse claim to the
land so built upon. . . . If the plaintiff either encouraged the
defendant to so build the water-closet, or stood by without
making complaint and actually approved of the erection, he is
estopped from now saying that the defendant had not the right
to construct the roof and cornice of the water-closet over his
lot.' " (2) In not charging the jury as requested in plaintiff's
second point without qualification. The point was " that if
the jury find that the roof or cornice of the water closet ex-
tends over the old fence line (and the evidence is uncontra-
dicted that such is the case) the plaintiff would be entitled to
a verdict in his favor. *Answer :* This point is affirmed, unless
the jury find that the plaintiff is estopped by his acts or con-
duct from complaining of the location of the water-closet and
the style of construction of the roof or cornice. In the general
charge the court qualifies this instruction as follows : ' It will
be for you to say under all the evidence whether the defendant
in the erection of his buildings has trespassed upon his neigh-
bor's land. . . . There is another important matter, however,
for consideration, in case you determine that the defendant has
built across the line. That is, did the plaintiff by his acts and
conduct mislead the defendant as to his right to do so ? The
law upon this subject is, that if an owner of land stands by and
sees another, under a claim of right place improvements upon
his the former's soil without warning him not to do so, he will
not afterwards be permitted to set up an adverse claim to the
land so built upon. . . . If the plaintiff either encouraged the
defendant to so build the water-closet or stood by without
making any complaint and actually approved of the erection,
he is estopped from now saying that the defendant had not the
right to construct the roof and cornice of the water-closet over
his lot.' "

*S. M. Leidich* and *W. F. Sadler*, for appellant.—There must
be some behavior on part of plaintiff that would cause the de-
fendant to act under the delusion that he had a right to build
over upon plaintiff's land, as is said by the court in Common-
wealth v. Moltz, 10 Pa. 527.

The law distinguished between silence and encouragement: Knouff v. Thompson, 16 Pa. 357; Groundie v. Northampton Water Co., 7 Pa. 233; Carr v. Wallace, 7 Watts, 394.

It is difficult to imagine how the concealment of a fact which an individual of common prudence and sagacity can discover can constitute fraud: Alexander v. Kerr, 2 Rawle, 82.

There can be no doubt but that this instruction of the court, that it was the duty of the plaintiff to warn the defendant not to build over upon his lot, and that if he stood by without doing so it would estop him, did the plaintiff great harm. Two elements among others must be present in order to constitute estoppel in pais; the party to whom the representation is made must have been ignorant of the truth of the matter, and have been induced to act upon it: Wright's Appeal, 99 Pa. 425.

*J. W. Wetzel*, with him *J. E. Barnitz*, for appellee.—The learned court properly stated the rule as to estoppel as applicable to the facts of this case: Robinson v. Justice, 2 P. & W. 19; Logan v. Gardner, 136 Pa. 588, 600.

In this latter case it is said: " The doctrine of estoppel in pais has been very much expanded in modern terms, particularly in Pennsylvania; and while silence, in ignorance of one's own right, or of another's expenditure under a claim of right, will not estop, yet mere silence with knowledge is evidence from which a jury may find an estoppel, on the ground that the knowledge created a duty to speak." See also Logan v. Gardner, same case, in 142 Pa. 442, and Westhaefer v. Railway, 163 Pa. 54.

OPINION BY RICE, P. J., July 29, 1898:

The plaintiff claimed, and gave evidence tending to show, that, when the defendant purchased, and also at the time of the alleged trespasses, the division line between his lot and the defendant's was marked by a fence, and that in the erection of his buildings the defendant built across the line a few inches, and in doing so tore down a portion of the fence that was still standing. The defense was, (1) that the buildings were built wholly on the defendant's own land; (2) that the plaintiff was estopped by his acts from alleging the contrary. The learned trial judge said in his charge that the uncontradicted testimony showed that the cornice of the water-closet projected over the

plaintiff's lot, but left the question as to the location of the other structures with reference to the fence line to the jury. On reconsideration of the evidence upon the rule for new trial he thought he had stated the evidence as to the water-closet too strongly. It may be remarked, however, in vindication of what he said in his charge, that the defendant's own surveyor testified that the roof projected over the line six or eight inches. But be that as it may, it is sufficient for present purposes to say, that there was evidence from which a jury might have found the facts to be as alleged by the plaintiff, and the question we have to consider is, whether with those facts found by the jury, as possibly they might have been, the instructions as to the law of estoppel were correct. These were drawn out by the plaintiff's first point, in answering which the court referred the jury to the general charge for instructions as to what acts or conduct would estop the plaintiff. The court said: "There is another important matter, however, for consideration, in case you determine that the defendant has built across the line, and that is, did the plaintiff by his acts and conduct mislead the defendant as to his right to do so? The law upon this subject is, that if an owner of land stands by and sees another, under a claim of right, place improvements upon his, the former's soil, without warning him not to do so, he will not afterwards be permitted to set up an adverse claim to the land so built upon; and, of course, this principle is also applied in a still stronger degree where the landowner has not only failed to warn the builder whilst the improvements were being constructed but has actually encouraged him to do the work." In another portion of his charge he said: "If the plaintiff either encouraged the defendant to so build the water-closet, or stood by without making any complaint, and actually approved of the erection, he is estopped from now saying that the defendant had not the right to construct the roof and cornice of the water-closet over his lot." The instruction particularly complained of is that embraced in the excerpt from the charge first quoted; and in order to narrow the question for discussion it should be noted, that as to all of the alleged encroachments excepting, possibly, the projection of the roof of one of the buildings, this general statement of the law was not modified or qualified in any way.

The decisions which hold that mere silence will estop, rest on the ground that the circumstances were such as to raise a duty to speak, and the failure to do so was either a fraud, or would work such an injury as would be equivalent to a fraud, if the party should not be estopped. In such cases knowledge of the party's own rights creates the duty to speak where he sees the party in possession under a bona fide claim of right making expenditures in placing valuable improvements upon the land: Logan v. Gardner, 136 Pa. 588. Possibly this principle would be applicable here were it not for the undisputed fact that the fence line is the division line. The defendant has never claimed otherwise. If, therefore, without any acts or declarations of encouragement on the part of the plaintiff, he built across the line thus visibly marked upon the ground, he acted at his peril, and cannot say that the plaintiff ought to have warned him against doing what he knew he had no right to do. Especially would this be true, if, as claimed by the plaintiff, he removed or destroyed a portion of the recognized landmark.

Estoppel from mere silence cannot operate in favor of one who must be conclusively presumed to have known that he was a wrongdoer, and, therefore, could not have been misled. "Notice is required to a man who acts bona fide, not to him who wilfully and obstinately persists in using that to which he has no title, or pretence of title, without giving or offering compensation for its use." These are a few of the many cases in which this principle has been applied or distinctly recognized: Hepburn v. McDowell, 17 S. & R. 383; Hill v. Epley, 31 Pa. 331, 334; Woods v. Wilson, 37 Pa. 379, 383; R. R. v. Paper Mills, 149 Pa. 18.

We need not elaborate further. Neither of the plaintiff's points was entitled to an unqualified affirmance. There was abundant evidence to go to the jury that the plaintiff positively encouraged the defendant to build as he did, and, if the qualification of the points had only embraced instructions to the effect that this evidence, if believed by the jury, was sufficient to raise an estoppel, no error would have been committed. But in giving instructions which might naturally be construed by an unlearned jury to mean that the failure to warn the defendant not to build over the division line known and recog-

nized by both parties, might, alone, estop the plaintiff from afterwards asserting title to the land, the court went too far. We have no means of knowing to what extent this instruction influenced the jury in their verdict. It may have influenced them; therefore, we cannot say that the error was harmless. See Davidson v. Traction Co., 4 Pa. Superior Ct. 86, 93.

The judgment is reversed, and a venire facias de novo awarded.