Reed et al. *v.* Allegheny County (et al., Appellant).

Argued March 29, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Robert D. Dalzell,* of *Dalzell, McFall & Pringle,* for appellant.

*William Alvah Stewart,* Assistant County Solicitor, with him *Charles Alvin Jones,* County Solicitor, for appellee.

OPINION BY MR. JUSTICE STERN, May 9, 1938:

Minor plaintiff was a passenger in an automobile driven by her father along Hulton Road, a paved public highway in the County of Allegheny. When the automobile reached a point where the road is crossed by the Plum Creek Branch of the Pennsylvania Railroad, one

of the wheels struck a hole in the roadway, which caused the tire to blow out and the car to crash into a near-by telephone pole. Suit to recover damages was instituted against the County, which by sci. fa. brought in the Pennsylvania Railroad Company as additional defendant. The jury rendered a verdict for minor plaintiff against defendant,* and, by direction of the court, a verdict in like amount in favor of defendant against additional defendant. The present appeal is by additional defendant from the refusal of the court below to grant its motion for judgment n. o. v. There is no controversy regarding the verdict in favor of minor plaintiff.

The hole which caused the accident was 2½ feet long, 14 inches wide, and 11 inches deep, and lay immediately adjacent to, and parallel with, the outer side of one of the rails. The ties projected 18 inches beyond the rails.

The court below was of opinion that, "in the absence of an agreement as to maintenance, a railroad company is primarily responsible for the surface of a public highway at a crossing, not only between but also outside the rails to the limit of its ties, and even in a case where the railroad track may have been in existence prior to the highway."

We believe this to be error. Where a public highway and the tracks of a railroad company intersect one another, it cannot be determined which is liable for the maintenance of the crossing in a safe condition unless there first be ascertained certain controlling facts.

1. The crossing may have been constructed under statutory authority prescribing the obligations of the parties. Thus the Act of July 26, 1913, P. L. 1374, section 12, gave the Public Service Commission power to determine and order the terms and conditions of installation, operation and maintenance of all such crossings.

2. The crossing may have been constructed under a

---

* The verdict was in favor of defendant as to the parent plaintiffs.

contract between the railroad company and the public authorities fixing their respective duties of maintenance.

3. In the absence of any direct evidence as to such a contract, evidence would be relevant and helpful as to which of the parties, if either—the railroad company or the county—inspected the crossing and maintained it in repair over any long course of years, because this might establish a presumption as to the probable provisions of an existing but lost agreement: *Jennings v. Susquehanna & New York R. R. Co.*, 84 Pa. Superior Ct. 442, 444, 445. It appears from the testimony in the present case that an employee of the county acted as caretaker for about four miles of Hulton Road, including the railroad crossing, and that he had performed the duty of walking the road daily, inspecting the surface, reporting all holes, cracks and breaks in the paving, and making further reports in each instance after the completion of repairs by the county maintenance department. The record does not indicate, however, during what period of time this practice continued.

4. Pertinent to the question of liability might be the fact as to the ownership of the land embraced within the crossing and that of the easement thereover. Ordinarily the owner of a servient estate is under no obligation to make repairs; the duty is upon the one who enjoys the easement to keep it in proper condition, and, if he fails to do so and injury to third persons results, he alone is liable. If additional defendant obtained title to its roadway by condemnation, such title, while less than a fee, is more than an easement. "It is a right to exclusive possession, to fence in, to build over the whole surface, . . . and to deal with it within the limits of railroad uses as absolutely and as uncontrolled as an owner in fee. There was no such easement at common law, . . . It would seem to be rather a fee in the surface and so much beneath as may be necessary for support, though a base or conditional fee, terminable on the cesser of the use for railroad purposes": *Pennsylvania Schuyl-*

*kill Valley R. R. v. Reading Paper Mills,* 149 Pa. 18, 20;
*Pittsburgh, Ft. Wayne & Chicago Ry. v. Peet,* 152 Pa.
488, 492, 493; *Dilts v. Plumville R. R. Co.,* 222 Pa. 516,
525, 526; *Brown v. Title Guaranty & Surety Co.,* 232
Pa. 337, 342, 343; *Marine Coal Co. v. Pittsburgh, Mc-
Keesport & Youghiogheny R. R. Co.,* 246 Pa. 478, 489,
490. If the practical equivalent of a title in fee was in
the railroad company, and the easement of a right of
way across the railroad in the public, the duty of main-
tenance, in the absence of other facts or circumstances,
would rest upon the county, whereas, if the public
owned title to the bed of the highway at the crossing,
and the railroad company had an easement of passage
across it, the duty would be correspondingly reversed.

5. It would be highly important, in the absence of a
controlling agreement or statute, to determine whether
the highway existed before the railroad or vice versa.
It was early established by the decisions in this State,
and it is generally held elsewhere, that when a new way
is laid across another already in use, any construction
necessary to the safety of the crossing must not only be
erected but also maintained by the party constructing
and using the new way: *Woodring v. Forks Township,*
28 Pa. 355, 361; *Phœnixville v. Phœnix Iron Co.,* 45 Pa.
135, 137, 138; *City of Chester v. Philadelphia, Wilming-
ton & Baltimore R. R. Co.,* 3 Walker 368; *Hays v. Gal-
lagher,* 72 Pa. 136; *Pennsylvania R. R. Co. v. Borough
of Irwin,* 85 Pa. 336; *Cochran v. Pittsburgh, Cincinnati,
Chicago & St. Louis R. R. Co.,* 110 Pa. Superior Ct. 411,
416, 418.

Defendant relies upon such cases as *Reading v. United
Traction Co.,* 202 Pa. 571, 573, and *Culver v. Lehigh Val-
ley Transit Co.,* 322 Pa. 503, 507, which, together with
many others, announce the general rule that "a railway
company, whether general or passenger, is bound to keep
the portions of streets occupied by its right of way in
good condition, even in the absence of any express con-
tract or statutory direction to that effect." Defendant

interprets this statement to mean that the duty is an absolute, common-law obligation, independent of all other circumstances. In these street railway cases, however, it is clear that the railways were constructed upon already existing streets, over which they were granted easements. The opinion of the court in *Reading v. United Traction Company,* supra, expressly identifies the principle which it enunciates with that laid down in the early cases above referred to, namely, that the duty of maintenance is upon the corporation or the public acquiring an easement across a way previously existing.

The statement of the court below that "in the absence of an agreement as to maintenance, a railroad company is *primarily* responsible for the surface of a public highway at a crossing" is incorrect. On the contrary, where there is an intersection of a railroad or street railway track with a public highway the *primary* liability for an accident arising from defective maintenance is ordinarily upon the municipality, the county, or other agency of government in control of the highway. Whether the railroad company is liable over depends upon the circumstances and principles hereinbefore discussed. Since the present record is wholly barren of any testimony from which the essential facts can be ascertained, no final judgment as between defendant and additional defendant can intelligently be rendered upon this appeal. While it is true the burden of proof was upon defendant to establish the liability over of additional defendant, and while the only assignment of error by additional defendant is the refusal of the court below to grant its motion for judgment n. o. v., we nevertheless think that justice requires that a new trial be had between these parties in which the necessary facts may be developed. Accordingly, the judgment in favor of defendant and against additional defendant is reversed, and a venire facias de novo is awarded for the determination of the question of liability over of additional defendant.