## Mauch Chunk National Bank *v.* Mauch Chunk Switch-Back Railway Company.

Argued May 6, 1940. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Barnes and Patterson, JJ.

318

*Francis J. Gildner,* with him *F. S. Riordan, Harold F. Mook, Harry M. Showalter, George W. Keitel,* Assistant Deputy Attorney General, and *Claude T. Reno,* Attorney General, for appellants.

*Ben Branch,* with him *J. C. & A. S. Loose,* for appellees.

PER CURIAM, June 24, 1940:

This case is ruled by the principles formulated in *Reed v. Allegheny County,* 330 Pa. 300, 304.

Mauch Chunk Switch-Back Railway Company subleased in 1912 a switch-back railway,—extending between the Boroughs of Mauch Chunk and Summit Hill, —from Central Railroad Company of New Jersey, which in 1870 had leased it from The Lehigh Coal & Navigation Company. One track of the railway had been built in 1827, the other in 1849, on land occupied by The Lehigh Coal & Navigation Company. Within comparatively recent years there have been laid out and dedicated, in the Borough of Summit Hill, Ludlow Street, along the side of which ran a part of the west-bound or up-track of the railway, and Holland Street, along the center of which extended a part of the east-bound or down track. Several borough streets and two State

highways crossing the railway also came into existence. None of these streets was created by borough ordinance; they exist only by virtue of dedication by the landowner, The Lehigh Coal & Navigation Company, and subsequent user by the public, all of which occurred, as already stated, after the tracks had been constructed. There was never any grant of a franchise by municipal action authorizing the Railroad Company to occupy the streets and no contract existed between the Company and the municipality in regard to their paving and repair. Ludlow Street was paved by the Borough with concrete on one side of the railway track, and Holland Street with a concrete strip on each side of the track.

In 1929 Mauch Chunk Switch-Back Railway Company executed a mortgage on all of its property to secure an issue of bonds, The Mauch Chunk National Bank being named therein as trustee. The Company ceased operations in 1934, and in 1937 the mortgage was foreclosed and all the property of the Company sold at public sale to an individual purchaser, who thereupon removed the ties and rails except in some places where they intersected streets and highways. This created a dangerous condition in the center of Holland Street, making it necessary that the area previously occupied there by the railway track be paved so as to join it up with the concrete on either side. The trustee of the mortgage having filed its account of the proceeds of the sale, the question involved in the present litigation is whether the cost of such paving, together with the expense of removing the ties and rails and of repaving at street and highway intersections, is a liability of the Railway Company and therefore to be paid out of the proceeds of the sale, or whether such cost and expense must be borne by the Borough and the Commonwealth as to the streets and highways owned by them respectively.

In the *Reed* case it was said (p. 304) : "If the practical equivalent of a title in fee was in the railroad company, and the easement of a right of way across the

railroad in the public, the duty of maintenance, in the absence of other facts or circumstances, would rest upon the county. . . ." Further it was said: "It would be highly important, in the absence of a controlling agreement or statute, to determine whether the highway existed before the railroad or vice versa. It was early established by the decisions in this State, and it is generally held elsewhere, that when a new way is laid across another already in use, any construction necessary to the safety of the crossing must not only be erected but also maintained by the party constructing and using the new way." In the present case the fee was in the Railway Company's lessor, not in the Borough or the Commonwealth, and the tracks were erected thereon long before the streets and highways came into being. Clearly, therefore, the Railway Company was under no legal obligation to pave or maintain the streets and crossings, and therefore under none to repair them after its property was removed therefrom by the person who purchased it at the foreclosure sale. While there was testimony that from 1927 to 1937 the Company had kept the track area in Holland Street in condition to some extent, this would merely be evidence of a possibly existing but lost contract between the Railway Company and the public authorities requiring the former to maintain the paving (*Reed* case, page 303), and it is admitted that in fact there never was any such agreement.

The court below correctly held that neither the Commonwealth nor the Borough of Summit Hill was entitled to any of the proceeds of the sale of the Railway Company's property to cover the cost of paving or repaving or of removing the still remaining rails and ties.

The decree is affirmed, costs to be paid by appellants.