# Pennsylvania Railroad Company *versus* Duquesne Borough.

*Duty of Pennsylvania Railroad Company, as vendee of the Commonwealth, in relation to persons affected by the public improvements.*

1. A corporation, purchaser of the canals and public works of the state, "subject to all contracts and arrangements heretofore made by Act of Assembly, or otherwise, for or in respect to the use of such works;" and required to "carry out the same with all persons interested therein in the same manner as the Commonwealth or its agents were required to do by law;" is bound to

[Pennsylvania Railroad Co. *v.* Duquesne Borough.]

rebuild a bridge, necessary to the public, which had been erected by the state over the canal when made, but which had fallen down since the purchase.

2. While the state owned the canal, the question of the necessity of the bridge was for the canal commissioners alone, because of the immunity of the state from suit; but when it passed to a private corporation, the question of necessity and consequent duty became one of private right, and passed into the jurisdiction of the courts.

3. Though the state could not be compelled to rebuild the bridge because of its state character, the purchaser of the public works has not that immunity: for a duty which cannot be enforced by action because owed by the state, becomes a subject of action when transferred to private persons.

4. Whenever a person or corporation, bound to repair a public highway, refuses to do so, when necessary, on notice from the proper public officers, they may make the necessary repairs, and recover the expense thereof in an action of *assumpsit.*

ERROR to the Common Pleas of *Allegheny county.*

This was an action on the case by the Burgess and Town Council of the Borough of Duquesne against the Pennsylvania Railroad Company, to recover the amount expended in constructing a bridge over the Pennsylvania Canal, at McFadden street, in said borough, in place of one which had fallen down. A written notice had been served upon the company requiring the bridge to be built, but they declined to comply with the terms of it, believing they were not legally bound, as the vendees of the state, to either rebuild or keep in repair a bridge at the point indicated. The borough proceeded to put up the structure, and brought this action to recover the amount expended.

The questions argued and decided below, and upon which the case turned, related to the several Acts of Assembly defining the rights and duties of the state and the canal commissioners touching the building of bridges over the canal, and the extent to which the Pennsylvania Railroad Company became liable, by reason of their purchase of the main line, to rebuild and repair the canal bridges originally erected by the state.

In the present case the state had erected a bridge at the street, and had kept it in repair for some years prior to the sale, but at times the borough had expended some money upon it, claiming repayment from the canal department.

It was in evidence also that the work and expenditures of Duquesne Borough in repairing the bridge originally erected by the state, as well as the first rebuilding by the borough, were done by the direction of the state superintendent, and with a promise on the part of the canal commissioners to reimburse the borough.

The plaintiff requested the court to instruct the jury,

1. That under the Act of 18th of March 1835, there was no absolute legal liability upon the Commonwealth " to repair, or rebuild, or keep in good condition, such bridges on the Pennsylvania Canal as were erected at the expense of the same before or at the time of the completion of said canal," but it was discre-

tionary with the canal commissioners so to do, and such being the case, there is no legal liability upon the defendants, as purchasers of the main line, to pay for the erection of the bridge built by the plaintiffs.

2. That the defendants, standing in the place of the state at owners of the canal, are not, by the Act of 18th of March 1835 bound to the performance of any duty therein named, further than the state would be if now possessing the same, and that this action will not lie for the reason that the state might refuse to repair or rebuild the bridge, that this was merely a matter of discretion, and a refusal to comply with a request to build the bridge gave no right to proceed against the state.

3. That the defendants, as purchasers of the main line, under the Act of May 16th 1857, took the same free from all restrictions and conditions imposed by the state upon herself, except only such as are specially mentioned therein; and that by said act the plaintiff cannot raise a liability against the defendants to pay for the erection of the bridge, unless the jury are satisfied from the evidence that, under the first proviso of the seventh section of said act, an agreement or arrangement had been made between the plaintiffs and the state prior to the sale of said main line, by which the latter bound herself to rebuild and repair said bridge.

4. That as matter of law, the Act of May 16th 1857 does not impose any absolute legal liability on the defendants to build or repair said bridge, or pay for the erection of the same, and that the burden of proving any liability whatever rests upon the plaintiff, and he must show that some contract or arrangement was contemplated by the act, by which the duty became fixed and certain, and was in existence at the time of the purchase of said main line by the defendants, by which they, as part of the contract of purchase, were in law chargeable with the duty of building the bridge.

5. That the Act of May 16th 1857 was a contract between the state and the defendants, and cannot be added to or altered by judicial construction so as to charge the defendants with a duty not mentioned therein, and that the rebuilding or repairing of this bridge being merely discretionary with the canal commissioners, no duty can arise out of said act in the absence of the proof of a contract as contemplated by the first proviso of the 7th section, by which the defendants can become liable in this action.

6. That the passage of the Act of 16th of May 1857, for the sale of the main line, and the act abolishing the office of canal commissioners, rendered null and void the said Act of March 18th 1835.

7. That the act incorporating the borough of Duquesne, by

10 WR.—15

which the control of the streets within her limits was surrendered to her, was a repeal of the Act of March 18th 1835, and released the state from any liability to rebuild or repair the bridge in question, and operates to bar a recovery by the plaintiff in this action.

8. That the plaintiff cannot recover in the present form of action, there being no privity of contract between the plaintiff and the defendants.

The court below (MELLON, A. J.) charged as follows:—

" The jury will understand the rule of law which we lay down in regard to this case to be as follows:

" You have seen that by the Act of 1835 the state took upon herself the duty and obligation of the repair and reconstruction of all such bridges as were erected at the state expense before or at the time of completing the canal, and continued to be necessary to accommodate the public travel, or for the use of the land-owners, and in selling this canal to the defendants by the Act of 1857, the defendants accepted it subject to all contracts and arrangements theretofore made, by Act of Assembly or otherwise, in regard to its use, and to carry out the same with all persons interested therein in the same manner as the Commonwealth, or its agents, were required to do by law.

" [Now, I instruct you that if the bridge in question was one of those contemplated in the Act of 1835, to repair and rebuild that bridge was one of the arrangements made by the state, and existing at the time of the sale and transfer, to be performed by the state agents, and subject to which the defendants accepted; and accepting subject to this condition created an express covenant or promise on part of the defendants to perform it, and the borough of Duquesne, being the party immediately bound to the public to keep the bridge in repair and interested in its existence, the promise, by fair and reasonable inference, may be regarded as made to the borough concerning the bridges within its limits. The promise is to carry out the state arrangements with all persons interested.]

" Your first inquiry will therefore be, whether the bridge in question was one of those bridges erected at the expense of the state, at or before the time the canal was completed; that is to say, whether it is one of those contemplated under the provisions of the Act of 1835, which you have heard read.

" 2d. Whether it has ever since continued to be necessary, and was, at the time the present structure was put up, necessary for the accommodation of public travel.

" 3d. Whether, before its erection, the defendants were requested, and neglected or refused to erect it, or had reasonable notice that it was down and was necessary to be reconstructed, and they still neglected and refused to construct it.

[Pennsylvania Railroad Co. *v.* Duquesne Borough.]

" 4th. If you find the foregoing propositions for the plaintiffs, then ascertain what it cost, and your verdict should be for that amount, with interest, as there is no allegation that the structure is extravagantly built, or the cost or outlay uncalled for, or exorbitant.

" If the bridge does not fall within the provisions of the Act of 1835, as already explained, or the defendants were not notified, or did not refuse its reconstruction, then your verdict should be for defendants."

The points of the defendant were all answered in the negative.

Under these instructions there was a verdict and judgment in favour of the plaintiffs for $193.76. Whereupon the defendant sued out this writ, and assigned for error the refusal of the court below to affirm the points propounded as above, and so much of the general charge as is printed above in brackets.

*John H. Hampton,* for plaintiffs in error.

*J. Chas. Dickens* and *B. F. Lucas,* for defendants.

The opinion of the court was delivered by

LOWRIE, C. J.—The jury have found that this canal bridge is one of those erected by the state when the canal was made ; that it still continues to be necessary for the accommodation of the public ; that after its fall the defendants below, the railroad company, now owning the canal, were notified to rebuild it and refused, and that thereupon it was rebuilt by the corporate authorities of Duquesne Borough, where the bridge is ; and they have brought this suit for the expense of the work. Were the railroad company bound to rebuild the bridge ?

We think they were. They took the public works and their " appurtenances, subject to all contracts and arrangements heretofore made by Act of Assembly or otherwise, for and in respect to the use of such works," and were required to " carry out the same with all persons interested therein, in the same manner as the Commonwealth or its agents are now required to do by law." And we do not think that it is putting any undue strain on the language to make it include canal bridges that are necessary for the public, and which the state had assumed the burden of building and maintaining ; for when a common road is cut by a canal, and reconnected by means of a bridge over the canal, such a bridge is an arrangement with the road " in respect to the use of the canal," though it is also a part of the road and necessary to *its* use.

It would be quite unreasonable to suppose that the state was trying to get rid of the duties which it had always acknowledged under any ambiguous or supposed ambiguous clause, or that the

[Pennsylvania Railroad Co. *v.* Duquesne Borough.]

defendants purchased the works under the supposition that this clause was so uncertain in its meaning that they might escape from those duties. The most obvious meaning is, that they were to take the works with all their acknowledged appurtenances, servitudes, and burdens, and we should be guilty of undue refinement if we should interpret the act otherwise.

If the state had meant to cast off such a burden as this upon the local authorities, and thus impose on them a new and unusual duty, it would have said so in plain terms. Whatever is doubtfully expressed in any law or writing, ought to be interpreted rather to accord with old usages than to introduce new ones in their stead. When new measures are really intended, it is unnatural to leave them to be discovered by implication, or by a refined analysis of doubtful language.

But the defendants argue, that because the Act of 1835, by which the state assumes this duty, leaves it to the canal commissioners to decide whether the bridge continues to be necessary, therefore the duty was not absolute, and did not pass as one of the burdens of the ownership of the canal. This mode, however, of deciding the question of necessity, grew out of the state's immunity from suit. It could not be sued on its duty, and that there might be no failure of justice, it required the canal commissioners to judge of the necessity, and to rebuild if it existed, and their judgment was not to depend on their mere pleasure or arbitrary discretion, but on their legal discretion, founded on the facts of each case. And when the public works passed from the state into the hands of a private corporation, then the question of necessity and consequent duty became a mere question of private rights, and passed of course into the jurisdiction of the courts.

The defendants further argue, that they stand in the place of the state, and as the state could not be coerced to rebuild, so neither can they. But the state, even though acknowledging the duty, could not be coerced, because of its character as state. The defendants having no such character, can have no such immunity. Their private character makes them subject to law, and therefore to action for breach of duty. A duty which cannot be enforced by action, because owed by the state, becomes a subject of action when transferred to private persons.

We need not notice any other objection to the trial, except by saying that whenever any person or corporation is bound to repair a public highway and refuses to do so, when necessary, on notice by the proper public officers having the general oversight thereof, those officers may repair it, and recover the proper expense thereof in an action of *assumpsit* founded on the duty.

                                        Judgment affirmed.