# Vetter's Appeal.

1. Where, by the express terms of a lease for one year, provision is made for the extension of said lease beyond said term, if the lessor should consent thereto, and after the lapse of the year the lessee remains in possession without any dissent on the part of the lessor, the assent of the lessor to such occupancy will be presumed.

2. Rent may issue not only from lands and tenements corporeal, but also from the personal property necessary for their proper enjoyment.

3. Mickle v. Miles, 7 Casey 20, followed.

4. A. leased a certain planing mill, together with the machinery and fixtures therein, to B. Subsequently B.'s creditors issued execution against all the personal property in said mill, including the machinery and fixtures. A. claimed the whole of said personalty as his property, whereupon the sheriff demanded and took from B.'s creditors a bond of indemnity and then sold the property. The proceeds of sale being paid into court, A. claimed the whole amount, as landlord of B., for rent of the planing mill in arrear. *Held*, that A. was entitled to the proceeds of the chattels which belonged to B., but that his conduct in setting up a title adverse to B., as to the machinery and fixtures, estopped him from any right to participate in the proceeds thereof, his only remedy in respect thereof being an action of trespass against B.'s creditors and the sheriff.

October 31st 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, TRUNKEY and STERRETT, JJ. PAXSON and GREEN, JJ., absent.

[Vetter's Appeal.]

APPEAL from the decree of the Court of Common Pleas No. 1, of *Allegheny county :* Of October and November Term 1881, No. 260.

This was an appeal by Jacob Vetter, from a decree of said court, dismissing his exceptions to a report of an auditor distributing a fund in court, being the proceeds of a sheriff's sale of personal property under an alias fi. fa. issued upon a judgment obtained by William Beilstein for use of Jacob Vetter against Michael Simon.

The material facts of the case were as follows : By virtue of said writ of execution the sheriff levied upon certain personal property in the possession of the defendant found upon separate premises used as a planing mill, a lumber yard and a dwelling-house. Thereupon one George Reineman served notice on the sheriff, claiming that he owned all the personal property thus levied upon. The sheriff thereupon demanded and received a bond of idemnity from the plaintiff for $5,000, with two sureties, upon which bond judgment was entered, and the sheriff then on February 27th 1880, sold the property, and, by leave of the court, paid into court the net-proceeds, $1,160.28.

Before the auditor appointed to distribute this fund, George Reineman claimed the same as landlord of the said planing mill and dwelling-house, for rent in arrear due to him by the defendant in the execution Michael Simon, his tenant. In support of this claim, Reineman produced two leases from himself to Simon, both dated January 8th 1877, one leasing for the term of one year, for the yearly rental of $2,500, the said planing mill, "with all machinery and steam power and use of personal property, such as patterns, &c., fixtures, &c., now belonging to said George Reineman and on the said premises, said mill, &c., situated at the corner of Anderson and Robinson streets, Allegheny city ; said Michael Simon also to pay all taxes assessed thereon for 1877, and if this lease is extended after the first year, also to pay the taxes for the years following ; also to have the use of three horses, three wagons, said Simon to feed and take good care of them." The other lease was for two dwelling-houses at the yearly rental of $250. Both leases contained the following provision :

" It is further agreed between the parties hereto, that should the said party of the second part continue to occupy the said tenement after the expiration of the term above limited, by consent of the said party of the first part, without entering into any further or other agreement, then the amount of rent, terms of payment and other covenants and agreements, hereinbefore mutually agreed upon shall be continued as applicable to such further term as the said parties may continue to occupy the relation of landlord and tenant."

[Vetter's Appeal.]

The fund was also claimed by Joseph Vetter, the plaintiff in the execution, who resisted Reineman's claim on the following grounds:

*First.*—Because, having claimed the goods as his own, Reineman was estopped from claiming the proceeds of the goods for rent.

It was shown that Reineman brought an action of trespass against the sheriff for the seizure of the goods, which action is still pending and undetermined.

*Second.*—Because the relation of landlord and tenant did not exist at the date of execution, levy and sale between Reineman and Simon.

*Third.*—That if the relation of landlord and tenant did exist at the time of levy and sale, it existed, as claimed by Reineman, under the extension of the agreements which he put in evidence; and as these agreements include personal property, separate and apart from the realty, no warrant of distress could have issued, and, therefore, the landlord cannot claim the fund in a case like this, where he could not have distrained.

The auditor awarded the fund to Reineman, upon his claim as landlord for rent in arrear, holding (1) that on the authority of Mickle *v.* Miles, 7 Casey 20; s. c., 1 Grant, 320, overruling or qualifying Commonwealth *v.* Contner, 6 Harris 447, the fact that the leases included personal property, used in connection with the demised premises, did not affect his claim on the fund for rent; and (2) that Reineman was not estopped from claiming as landlord by reason of the fact that he had filed a claim with the sheriff as owner of the personal property sold in execution, and was in fact the owner thereof.

Exceptions filed to this report were overruled by the court, and the report confirmed. Whereupon Jacob Vetter took this appeal, assigning for error the said decree.

*A. Blakeley* (with him *H. C. Bowers*), for the appellant.—Reineman failed to prove that the relation of landlord and tenant existed between him and Simon at the date of the levy and sale. The leases produced were dated in 1877 for one year. They provided for the continuance of the tenancy after the term by consent of the lessor; but there was no evidence of such consent, which, we contend, must be shown affirmatively.

By his claim upon the sheriff as *owner* of the goods levied upon (for which he afterwards brought an action of trespass against the sheriff, which is still pending), Reineman was estopped from claiming *rent* out of the fund on the ground that the goods belonged to Simon. By such claim, the plaintiff, Vetter, was compelled to suffer detriment by giving bond to the sheriff. Thus all the elements of estoppel exist: Anderson's Appeal, 4

[Vetter's Appeal.]

Yeates 38; Miranville *v.* Silverthorn, 12 Wright 149; Helser *v.* McGrath, 2 P. F. S. 534; Waters' Appeal, 11 Casey 523.

*Doty* (*Kennedy* with him), for the appellee.—The auditor found that Simon entered into possession by virtue of the leases. The mere holding over, in the absence of dissent by the lessor, was enough under the provision for their continuance by consent.

The alleged estoppel is immaterial, for even if the goods did belong to Reineman, the fund was produced by the sale of whatever interest the defendant had, or might have had, therein, and was applicable first to the payment of rent in arrear.

Mr. Justice GORDON delivered the opinion of the court, November 7th 1881.

As the leases of Reineman to Michael Simon expressly provide for their extension beyond the term of one year, if the lessor should consent thereto, the exception of the appellant founded on a supposed want of such consent, comes to nothing. Simon continued to occupy the premises, and as Reineman did not dissent to such occupancy his assent must be presumed. Certainly, that was a matter for themselves to settle, and if they were satisfied with the arrangement, no third party can be heard to complain.

So, that rent may issue, not only from lands and tenements corporeal, but also from the personal property necessary for their proper enjoyment, is settled by the case of Mickle *v.* Miles, 7 Casey 20; and, indeed, a proposition so obvious ought never to have been doubted.

On the other hand, the court below made a mistake when it awarded to Reineman the proceeds of that part of the property sold on the Beilstein writ, which he, Reineman, claimed as his own. By this claim he compelled Vetter, the use plaintiff, to protect the sheriff by a bond of indemnity: by it he then held, and still does hold, both Vetter and the officer as trespassers, and by it he sets up a title adverse to the proceedings which has brought the money into court, hence, on the authority of Bush, Bunn & Co.'s Ap., 15 P. F. S. 363, he cannot be permitted to take any of that money. But it is alleged that he is entitled to take as landlord: we answer, yes, so far as the money was made from the tenant's goods, for they were distrainable for the rent due, and that fact, under the Act of Assembly, gives the landlord the right to claim, from the sheriff, the money made from them. But not so as to the landlord's own goods, for they are not subject to distress, therefore, unless he can claim the money as made from his own property, he cannot claim it at all, for, se judice, it was not the property of the tenant.

But, as we have already seen, by the case above cited, as

[Clohessy *v.* Roedelheim, Bing & Co.]

owner of the goods he was not entitled to take the money made from them by the writ in the sheriff's hands; his position of hostility to that process barred any claim that he otherwise might have had to receive its proceeds.

The case, then, stands thus: Reineman, as landlord, is entitled to any money raised from the sale of the goods of Simon, the tenant, and Vetter is entitled to the proceeds arising from the property claimed by Reineman.

The decree of the court below is now reversed and set aside, and it is ordered that a redistribution be made in accordance with the foregoing opinion; and it is further ordered that the appellee pay the costs of this appeal.