## ORANGE COUNTY v. COW· BAYOU CANAL CO.

(Court of Civil Appeals of Texas. Galveston. Jan. 23, 1912.)

1. PLEADING (§ 205*)—DEMURRER—PLEADING CONSTITUTING.

In a suit by a county against an irrigation canal company for reimbursement for repair of a bridge on a public road crossing the company's canal, a pleading by defendant constituted a general demurrer, though styled a "plea in abatement," where it stated that the duty to repair rested on the company and not on the county, and that the county could not create a charge against the company by voluntarily assuming the duty.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 491–510; Dec. Dig. § 205.*]

2. BRIDGES (§ 21*)—IRRIGATION CANALS—REPAIRS—REIMBURSEMENT OF COUNTY.

Under Rev. St. 1895, art. 3128, which requires an irrigation canal company to keep in proper repair bridges crossing its canal on public roads, and under article 4792, which empowers county commissioners to cause all necessary bridges to be kept in repair, on a company's refusal to comply with its duty under article 3128, the county can make the repairs and enforce reimbursement from the company therefor without first applying for mandamus to compel the company to make them.

[Ed. Note.—For other cases, see Bridges, Dec. Dig. § 21.*]

Appeal from Orange County Court; O. R. Sholars, Judge.

Action by Orange County against the Cow Bayou Canal Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

E. L. Bruce and W. O. Huggins, for appellant. Bisland & Adams, for appellee.

McMEANS, J. [1] Appellant brought this suit against appellee, alleging that appellee is a corporation chartered under the provisions of title 60, c. 2, art. 3115 to 3131, of the Revised Statutes of 1895, to engage in the construction and operation of irrigation canals in Orange county, and that it had constructed such canals, one of which intersects a public road in said county, and that the intersection of said road by said canal made the construction of a bridge at that point necessary; that a bridge at the point of intersection had been constructed, but had thereafter fallen into a state of disrepair, and became dangerous to travelers on said road and a menace to the citizens of said county, of which, appellee was aware, and that, appellee having refused to repair the bridge, as it was its duty to do, appellant repaired the same; that by reason thereof appellee had become liable to appellant for the reasonable cost of the repairs so made, and prayed for judgment therefor.

Appellee answered by general demurrer, special exceptions, and a plea to the jurisdiction of the court, none of which appear to have been acted on. It also answered to the merits, and subsequently filed a pleading which it styled a "plea in abatement," but which we think was a plea in the nature of a general demurrer. This pleading is as follows: "Now in this cause comes the defendant and says that the duty of constructing and maintaining the bridge described in plaintiff's petition, nor its duty of keeping said bridge in repair, is on the county of Orange, but by article 3128 of the Revised

Statutes of the State of Texas the duty to construct and maintain the bridge described in plaintiff's petition is upon this defendant, and upon this defendant alone, and this defendant says that the county, by voluntarily assuming said duty, and voluntarily repairing said bridge, cannot create a charge against this defendant for work so done. If defendant fails to perform the duties charged upon it by the statutes of the state of Texas, the county cannot assume said duties and charge this defendant with the costs incurred by the county in performing said duties; but their remedy, and only remedy, is to force the performance of the duty charged to this defendant by statute by writ of mandamus. Wherefore defendant says that the county cannot maintain this action, the same should be abated, and the suit dismissed, and of this it prays judgment of the court."

Upon a hearing, this plea was sustained by the court, and, appellant declining to amend, its suit·was dismissed, and from the judgment of dismissal appellant has prosecuted this appeal.

Our conclusion that the pleading above set out was in the nature of a general demurrer, and not a plea in abatement, dispenses with the necessity of passing upon appellant's first assignment of error, which complains that a plea in abatement comes too late, when filed after an answer upon the merits.

[2] By its second assignment, it is complained that the court erred in holding that the cause of action asserted could not be maintained, because appellant might have resorted to an application for a writ of mandamus to compel appellee to effect the necessary repairs of the bridge. It will be observed that appellee, in the pleading above copied, admitted that it was charged by article 3128, Revised Statutes, with the duty of maintaining the bridge in question; and that it was its duty to repair the same. That this was its duty, the statute, we think, leaves no room to doubt. The only question for us to decide, then, is this: When the appellee refused to perform this duty, did the county of Orange, in making the necessary repairs, have the right to require appellee to reimburse it for the reasonable cost of the repairs so made? We think this question should be answered in the affirmative. The county, in making the repairs, was by no means a mere volunteer, as contended by the appellee, and the principle invoked by it, that where a person voluntarily pays the debt of, or discharges a duty imposed on, another, there can be no recovery in his favor, has no application. The primary duty rests upon a county to maintain or cause to be maintained its public roads and bridges, and in performing such duty it acts in the general discharge of a duty required by law. Article 4792, Revised Statutes, expressly empowers and authorizes commissioners' courts to cause all necessary bridges to be built and kept in repair, and when necessary to

make appropriation of the county's money therefor. It is true that article 3128 imposes upon appellee the duty to keep the bridge in question in proper repair; but the imposition of this duty upon appellee did not take from Orange county the authority, or relieve it of the duty imposed upon it, to discharge the obligation it owed to the public to maintain·such structures in proper condition for travel upon them. If, then, the county made such repairs after the appellee had refused to make them, was it entitled to be reimbursed by appellee for the reasonable costs thereof? Appellee contends that it was not, and that the only remedy of the county was by mandamus to compel appellee to perform its statutory duty. This contention cannot be sustained.

In Pennsylvania Railroad Co. v. Borough of Irwin, 85 Pa. 336, suit was brought by plaintiff, Borough of Irwin, against the railroad company to recover upon the following facts: The railroad company, in the construction of its road, changed the location of a township road, and a bridge over a creek became necessary. The company erected a bridge at that time, and renewed it twice. Later it became necessary to rebuild the bridge, and, defendant refusing to rebuild it, the plaintiff did so at the cost of $3,497. Upon a trial a judgment was entered on a special verdict for that amount in favor of the plaintiff. The Supreme Court of Pennsylvania, in passing upon an appeal from that judgment, says: "The railroad company,' by making use of the former permanent roadbed, not only made a bridge a necessity, but also rendered its perpetual maintenance a necessity; for by no other means could the highway be made to subserve the purpose of its creation. Such being the case, and the company having refused to rebuild, it was the duty of the borough of Irwin to do so; for upon it, as to the public, devolved the duty of keeping the roads and streets within its limits in proper order. If, however, this rebuilding was a duty which, by law, rested upon the company, and which it ought to have performed, then the borough is entitled to recover the cost of such rebuilding from the company"—citing Pottsville Borough v. Norwegian Township, 14 Pa. 543; Penna. Railroad Co. v. Duquesne· Borough, 46 Pa. 223.

In the case last cited, it is held that whenever any person or corporation is bound to repair a public highway, and refuses to do so, the proper officers having the general oversight thereof may repair it, and recover the proper expense thereof in an action of assumpsit founded on the duty. In Pottsville Borough v. Norwegian Township, supra, it is held that, where the law directs that a bridge to be erected on the boundary line of two adjoining townships shall be built at the joint expense of both, either township which erects the same, after notice to the other and its refusal to join, may recover of

the other one-half of the reasonable expense of erecting a proper bridge. The cases of State v. Railway, 79 Wis. 259, 48 N. W. 243, 12 L. R. A. 180, State v. Street Railway Co., 10 Tex. Civ. App. 12, 30 S. W. 267, and State v. Transfer Co., 80 Minn. 108, 83 N. W. 32, 50 L. R. A. 657, cited and relied upon by appellee, do not sustain its contention that mandamus is the only remedy available to appellant. At most, those cases decide that such a remedy was proper; but from none of them can it be gathered that this remedy is exclusive in cases of the character of this. It may not be denied that Orange county could have compelled the appellee, by mandamus, to repair the bridge; but this was not its only right. Charged with a duty to the public, as it was, to keep the public roads and bridges in safe and proper condition and repair for travel, this duty could be best discharged by causing the repairs to be made expeditiously, and appellant, in not awaiting the termination of protracted litigation to compel appellee to perform its duty under the law in this regard, did not waive its right to reimbursement by appellee of the reasonable expense of making proper repairs, or relieve appellee of the duties imposed upon it by the statute.

We think the court erred in sustaining the demurrer and in dismissing the suit, and for this error the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.