# Donnelly v. Public Service Commission and Pennsylvania R. R. Co., Appellant.

*Appeals—Review—Binding instructions—Evidence.*

1. In determining whether or not binding instructions should have been given by the court below, all the evidence and inferences therefrom favorable to the opposite party, must be taken as true, and all unfavorable to him, if depending solely upon testimony, must be rejected.

*Railroads—Crossings—Destruction of crossing.*

2. Where two public ways cross, each must be operated with due regard to the rights of users of the other, and neither can be destroyed except in the manner and subject to the liabilities provided by law.

*Road law—Vacation of street—Public Service Company Act of July 26, 1913, P. L. 1374—Damages—Constitutional law—Sale of lots with plan of streets—Acceptance by municipality.*

3. The Constitution of the State does not provide for the recovery of damages for the vacation of a street, but liability therefor may be imposed by statute.

4. The Public Service Company Act of July 26, 1913, P. L. 1374, and the acts relating to boroughs impose liability for the vacation of streets.

5. When a municipality vacates so much of a public street as crosses the tracks of a railroad company, it is liable to those legally and actually damaged, irrespective of the ownership of the fee in the part vacated.

6. Where damages are allowed for the vacation of a street, the property owners fronting upon the part thereof which thereby becomes a cul-de-sac may recover damages therefor if actually injured.

7. Where the owner of a tract of land lays out streets and sells lots therein in accordance with a plan of the improvement, which streets are thereafter accepted as public streets by the municipality in which the tract is situated, a subsequent vacation thereof as public streets will not affect the lot owners' private rights to the use of the street, and any interference therewith must be compensated in damages.

Argued September 30, 1920. Appeal, No. 166, Oct. T., 1920, by Pennsylvania R. R. Co., from judgment of C. P.

Armstrong Co., Sept. T., 1919, No. 72, on verdict for plaintiff in case of Mary Donnelly v. Public Service Commission and the Pennsylvania Railroad Co., Intervener. Before BROWN, C. J., STEWART, MOSCHZISKER, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Appeal by Mary Donnelly from assessment of damages by the Public Service Commission for property taken, injured or destroyed in the construction, relocation and abolition of grade-crossings, or the vacation or partial vacation of First street in the Borough of Freeport. Before KING, P. J.

The Pennsylvania Railroad Co. was permitted by an order of court to intervene as a defendant. An issue was framed, and at the trial a verdict was rendered for the plaintiff for $2,045, on which judgment was entered. The Pennsylvania Railroad Co. appealed.

The opinion of the Supreme Court states the facts.

*Error assigned* was order refusing judgment for defendant.

*H. A. Heilman,* with him *G. C. Christy,* for appellant. —The railroad company owning the land in fee, within its right-of-way lines, including that part of First street in the Todd plan of lots occupied by the Pennsylvania canal can put the property to reasonable use, without liability for damages: Phila. & Reading R. R. Co. v. Yeiser, 8 Pa. 366; New Castle, etc., R. R. v. McChesney, 85 Pa. 522; Penna. R. R. v. Lippincott, 116 Pa. 472; Philips v. R. R., 184 Pa. 537; Penna. R. R. v. Marchant, 119 Pa. 541; Wunderlich v. P. R. R., 223 Pa. 114; Ridgway v. P. & R. Ry., 244 Pa. 282.

No claim for damages to property can be allowed because of the vacation in whole or in part of a public highway unless the property damaged abuts on that portion of the street actually vacated: Mt. Pleasant Ave. App., 171 Pa. 38; Howell v. Morrisville Boro., 212 Pa.

349; Com. v. Miller, 47 Pa. Superior Ct. 193; Melon
St., 182 Pa. 397; Phila. v. Conway, 257 Pa. 172.

No damages will be allowed a property owner for
vacation of a street unless such vacation shuts off the
property from the general system of streets: Edgemont
Street, 66 Pa. Superior Ct. 142; Ruscomb St., 33 Pa.
Superior Ct. 148; Howell v. Morrisville Borough, 212
Pa. 349.

*C. E. Harrington,* with him *C. L. Wallace,* for appellee.
—This case is governed exclusively by the Public Service
Law: Hare v. Rice, 142 Pa. 608; Umbria St., 32 Pa.
Superior Ct. 333; Mellor v. Phila., 160 Pa. 614; Cooper
v. Scranton City, 21 Pa. Superior Ct. 17; Chatham St.,
191 Pa. 604; Lewis v. Homestead Boro., 194 Pa. 199.

Damages will be allowed a property owner for the
vacation and closing of a public street which leaves said
property at the end of a cul-de-sac: Melon St., 182 Pa.
397.

OPINION BY MR. JUSTICE SIMPSON, December 31, 1920:

The only errors alleged in this case are that the court
below erred in not giving binding instructions for de-
fendant, and in not entering judgment in its favor non
obstante veredicto. "Under these circumstances all the
evidence and inferences therefrom favorable to plaintiff
must be taken as true, and all unfavorable to him, if
depending solely upon testimony, must be rejected":
Wiles v. Emerson-Brantingham Co., 267 Pa. 47, 49.
Viewed in this light, the proofs, though covering a long
period of time, are not perplexing, and the law appli-
cable thereto, though interesting and important, is not
intricate or difficult of application. The following are
the essential facts established in accordance with the
rule stated.

In 1797 David and William Todd, owning a tract of
land, now forming the Borough of Freeport, divided it
into building lots and sold them as fronting on certain

streets appearing on the plan of the improvement. One thereof was First street, and the property fronting thereon now owned by plaintiff—the alleged injury to which is the cause of this litigation—was purchased by her predecessor in title directly from the Todds according to the plan. By the Act of February 25, 1826, P. L. 55, the canal commissioners of the State were authorized to and thereafter did open a branch canal, inter alia, through said property, crossing First street and all the other streets which ran in a north and south direction. The canal was operated while the weather was warm enough for the purpose, but when the possibility of freezing arose, the water was drained off and so remained until the danger was past. There was no bridge across it at First street, and those who desired to travel over it while it was full, did so by boat; but after it was emptied, a passageway was planked and people drove or walked over it at pleasure until the canal was again filled. This situation continued until 1857, when the Pennsylvania Railroad Company purchased from the State the bed of the canal, graded and laid railroad tracks thereupon, and at First street planked the space between the outside rails of the two tracks, so that those using the street could safely pass over. The rest of the street was kept in order by the Borough of Freeport, after its incorporation in 1833. So far as appears from this record, from 1857 to 1915, there never was any challenge of the right of the public to cross the tracks as a part of First street.

In the latter year the railroad company purchased additional property fronting on the street, and entered into negotiations with the borough officials—who acted under an ordinance passed for the purpose—resulting in a contract by which the borough agreed to vacate First street where it crossed the railroad, and the company agreed to elevate its tracks (which were to be increased to four), so as to get rid of the grade crossings in the borough, and further to pay all expenses and assume all

liability arising by reason of the vacation of the street. The contract was approved by ordinance and duly executed. Attached to it was a plan which showed First street as a public street crossing the railroad's right-of-way at grade, as did also both ordinances. Following this, as required by the Public Service Company Law, the borough and the railroad company applied for and obtained the approval of the Public Service Commission, the petition having attached thereto the contract and plan of the improvement. The borough then vacated the street, and the railroad company built concrete retaining walls about eighteen feet high, on each side of its present right-of-way, thereby closing the street to public travel; the width of the structure being much greater than was the canal with its berm banks, towing path and slopes.

Plaintiff and others thereupon applied to the commission to ascertain and determine the amount of damages caused to their properties by the vacation of the street and the elevation of the railroad, hearings were had and an award made in favor of plaintiff. From this award she appealed to the court of common pleas, and, with the consent of the parties, an issue was formed to determine the amount of damages suffered by her in excess of benefits "for property taken, injured or destroyed in the construction, relocation and alteration or abolition of said grade crossings, the elevation of the railroad tracks or the vacation or partial vacation" of First street, the verdict to "also include all elements of damages submitted to and passed upon by the Public Service Commission." Under this, plaintiff had the right to recover not only the damages to which she would have been entitled in a proceeding against the borough, but also any sum for which the railroad company was liable to her. From the judgment entered on a verdict in her favor, defendant prosecutes this appeal; and by stipulation filed agrees it will not "argue or present any questions affecting the regularity and jurisdiction of pro-

ceedings by the claimant before the Public Service Commission, or the right of claimant to appeal to the court of common pleas from the decision" of the commission. The specific objections now made, and the only questions necessary to consider, are whether or not defendant was entitled to judgment, as a matter of law, because, as is alleged: (1st) It had the legal right, without liability, to elevate its tracks on that part of its right-of-way which it had purchased in fee from the State; and (2d) Plaintiff suffered no legal damage since the street was not vacated immediately in front of her property.

As defendant obtained the contract with the borough and the certificate from the commission, by a recognition of First street as a highway, which the public had a right to use in crossing the tracks, it is reasonably certain it is estopped under the maxim allegans contraria non est audiendus (Garber v. Doersom, 117 Pa. 162; Vetter's App., 99 Pa. 52; Edwards' App., 105 Pa. 103); but it is not necessary to base a decision on this point, since the defense is unavailing for three additional reasons: (1st) While its authority over its right-of-way is "exclusive at all times and for all purposes, except where a way crosses it" (Pittsburgh, Fort Wayne & Chicago Ry. v. Peet, 152 Pa. 488, 492; Western Penna. R. R. Co.'s App., 99 Pa. 155; Com. v. Ruddle, 142 Pa. 144, 148) the right of passage by the public, where there is such a crossing, none the less continues (Pittsburgh, Virginia and Charleston Ry. Co. v. Com., 101 Pa. 192, 197-8; Com. ex rel. v. Phila., Harrisburg and Pittsburgh R. R. Co., 23 Pa. Superior Ct. 205, 211), even in those cases where the company by purchase of the canal from the State owns the fee of the property: Pennsylvania R. R. Co. v. Duquesne Borough, 46 Pa. 223; Book v. Pennsylvania R. R. Co., 207 Pa. 138. Defendant's fee is indeed no higher than the fee of every abutting owner, the valuable right, so long as it exists, being the right of passage, whether of defendant over its tracks or the public over the street. Since the canal originally, and,

until this improvement was made, the right-of-way of the railroad, crossed all the other north and south streets, exactly as they did First street, if appellant's present contention is correct, it could, of its own motion and without incurring any liability, have elevated its tracks and divided the borough into two parts, leaving no open way through which the public could travel from one to the other. This does not prove the right so to do did not exist; but results so far reaching, not only here but as to many other railroad crossings in the State, warn us that this view should not be accepted unless unavoidable. In the present instance escape is easy, for we have simply to hold, as we always have done, that where two public ways cross, each must be operated with due regard to the rights of users of the other, and neither may be closed except in the way and subject to the liabilities, if any, prescribed by constitution or statute. This rule was evidently recognized by appellant when it entered into the contract with the borough, and is particularly applicable here, for not only by its contract, petition and attached plan, but by placing and maintaining planks between its tracks for more than half a century, it invited the public to cross, and irrevocably recognized it as a street by allowing the borough to expend moneys on so much of the right-of-way as was outside of the tracks. (2d) The vacation was not only of so much of the street as was included in the purchase from the State, but also of the additional width above referred to, and for this much at least, plaintiff if injured, could recover from the borough, and, under the issue, from defendant in this proceeding. (3d) When the street was vacated plaintiff's contractual right of a private way over First street, arising by virtue of her ownership of a lot purchased from the Todds according to their plan showing it to be a street, once again became effective, despite the vacation, at least so far as said additional width is concerned, and of this she could not be deprived by defendant's taking possession for the purpose of its tracks, unless it

made compensation therefor: In re Melon Street, 182 Pa. 397, 403; Carroll v. Asbury, 28 Pa. Superior Ct. 354, 360; Chambersburg Shoe Manufacturing Co. v. Cumberland Valley R. R. Co., 240 Pa. 519. In every aspect, therefore, binding instructions for defendant would have been error.

It is undoubtedly true that, prior to the adoption of the present constitution, a property owner, whether abutting or otherwise, could not recover damages for the vacation of a street, and no such right is given by that instrument (Howell v. Morrisville Borough, 212 Pa. 349); but it is equally true the legislature may impose such liability upon a municipality (In re Vacation of Centre Street, 115 Pa. 247; In re Vacation of Howard Street, 142 Pa. 601; Hare v. Rice, 142 Pa. 608), and in so doing may determine to what class of owners it shall be given. If it is extended to those whose property is "taken, injured or destroyed" by the vacation, recovery can be had if the street in front of the property thereby becomes a cul-de-sac as it does here, (Mellor v. Phila., 160 Pa. 614; In re Melon Street, 182 Pa. 397; Lewis v. Borough of Homestead, 194 Pa. 199; Chambersburg Shoe Manufacturing Co. v. Cumberland Valley R. R. Co., 240 Pa. 519; Ruscomb Street, 33 Pa. Superior Ct. 148), and hence the only remaining question is: Has the legislature imposed such liability?

By the Public Service Company Law of July 26, 1913, P. L. 1374, it is expressly provided that "The compensation for damages which the owners of *adjacent* property taken, injured or destroyed may sustain in the...... abolition of any such [grade] crossing......shall, after due notice and hearing, be ascertained and determined by the commission and......shall be borne and paid ......by the public service company or companies or municipal corporations concerned......as the commission may......determine, unless the said proportions are mutually agreed upon." In the present case the railroad company agreed to pay all the damages. It will be

observed, by this act recovery is not limited to abutting property, but extends to that which is "adjacent," as plaintiff's admittedly is. By the Borough Code of May 14, 1915, P. L. 312, it is provided "The right to damages against boroughs is given to all owners or tenants of lands, property or material abutting on or *through which* pass roads, streets, lanes, or alleys injured by the laying out, opening, widening, vacating, extending, or grading of such roads, streets, lanes, or alleys," the amount thereof to "be ascertained, fixed and paid in the manner prescribed by the Public Service Company Law." By the Act of June 22, 1917, P. L. 627, it is provided "That all damages which shall be suffered or sustained by any owner or tenant of lands, property or materials in any borough of this Commonwealth...... abutting on or *through which* pass roads, streets, lanes or alleys injured by the......vacating......of such roads, streets, lanes or alleys......whereby private lands, property or materials may or shall be injured, taken or destroyed by any borough......shall be ascertained" as provided by the borough code aforesaid. These acts cover not only abutting property, but also all property "through which" the vacated street passes, as First street did through plaintiff's. Actual damage thus becomes the test of the right to recover, if access to and from the property is shut off in one direction, as was the case here; and since every witness called by the railroad company, as well as those called by plaintiff, testified to actual damage, this objection also is unavailing.

The judgment of the court below is affirmed.