Crecium *v.* McCann et al., Appellants.

Submitted March 22, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent.)

*Guy S. Claire,* for appellants.

*Gilbert P. High* and *High, Swartz, Flynn & Roberts,* for appellee.

OPINION BY ARNOLD, J., July 15, 1949:

This was an action of trespass vi et armis, to recover damages for the unjust detention of possession of real estate by the defendants. The plaintiff declared for damages at $45.00 a month from February 10, 1944, to

June 15, 1945, and from March 19, 1946, to July 3 of that year. Sarah M. McCann, one of the defendants, executed and delivered to plaintiff, on February 10, 1944, a deed for the premises in question. Thereafter she and her son refused possession and filed a bill in equity to cancel the deed, which action was unsuccessful. The plaintiff then brought an action of ejectment against her and her son, and therein declared for mesne profits at the rate of $60.00 per month from February 10, 1944, the date of delivery of the deed. In that action the court excluded any recovery of mesne profits prior to the teste of the writ in ejectment, i.e., June 15, 1945, resulting in a verdict for the plaintiff for the premises and for mesne profits or damages in the sum of $405.00,—apparently at the rate of $45.00 per month. The plaintiff took no appeal from the judgment entered on this verdict, but thereafter brought the present action.

In the instant trespass action without doubt the plaintiff can recover damages from the date of the verdict in the ejectment suit (March 19, 1946) to the date when possession was finally delivered, to wit, July 3, 1946. The jury's verdict determined these damages to be at the rate of $45.00 per month. As to the damages from the date of the plaintiff's demise, February 10, 1944, to the teste of the writ in ejectment, i.e., June 15, 1945, the plaintiff cannot recover.

The action of ejectment in common law was strictly synthetic, and was invented by the law courts of England to curb the growing jurisdiction and business of the chancery courts.[1] In early days it was based upon a fiction which was later disregarded. There also grew up, in the practice at common law, a privilege of the

---

[1] The inventor was Chief Justice ROLLE: *Boyd's Lessee v. Cowan*, 4 Dallas 138, which case also recites the history of both the action of ejectment and mesne profits. See also *Dawson v. McGill*, 4 Wharton 230 (opinion by Chief Justice GIBSON); *Bailey et al. v. Fairplay*, 6 Binney 449.

plaintiff in the ejectment action to recover damages for the unjust detention of the premises, called mesne profits. If the plaintiff in ejectment did not so declare or give notice of a claim for mesne profits, he could, after judgment in ejectment, sue in trespass vi et armis for such damages. The notice or declaration for mesne profits in the ejectment action was but a permissive right to consolidate a claim for trespass vi et armis with the action of ejectment. The Act of 1876, P. L. 95, 12 PS §1557, making it "lawful" for the plaintiff to give notice or declare for mesne profits in an action of ejectment, is permissive and not mandatory, and the Act itself was but declaratory of decisional law. See *Dawson v. McGill,* 4 Wharton 230; *Boyd's Lessee v. Cowan,* 4 Dallas 138. Therefore we reject the defendants' contention that plaintiff was *compelled* to recover any damages in the ejectment action whether declared for or not.

The plaintiff in the ejectment action declared for mesne profits from the date of his demise to the date of the verdict, and proved that defendants were in possession of the premises during all of that time. When the court limited his recovery to the interval between the teste of the writ and the verdict, he was bound by the judgment which deprived him of a part of the damages declared for. No appeal having been taken, that judgment was final.

Obviously a portion of the damages claimed in the present action of trespass was declared for in the action of ejectment. The judgment in the ejectment action with the count for mesne profits is res judicata as to anything which was or might have been litigated in the ejectment action: *Wallace's Estate,* 316 Pa. 148, 153, 174 A. 397; *Reiter v. Reiter,* 159 Pa. Superior Ct. 344, 48 A. 2d 66, and the cases cited therein.

Defendants complain that the verdict against William F. McCann cannot be sustained because he was merely a tenant of his mother. But there was ample

evidence that he was the principal actor in the refusal to deliver possession, and that he had an interest beyond either his kinship to his mother, or his status as a tenant, for he conducted his business on the premises.

Therefore the judgment must be modified by reducing the same to $159.00 with interest from the date of verdict, to wit, October 20, 1947, being the damages for the unlawful detention which were not declared upon in the ejectment action.

As thus modified the judgment is affirmed.