## Hanson v. Wintersteen

Before Brominski, Bigelow and Schiffman, JJ.

*Joseph J. Savitz*, for plaintiff.

*Charles L. Casper*, for defendant.

SCHIFFMAN, J., October 18, 1963. — This matter comes before the court upon defendant's preliminary objections in the nature of: (1) A motion to strike off the complaint; and (2) a petition raising the defense of misjoinder of causes of action in plaintiff's complaint in ejectment.

The complaint avers that plaintiff is the owner of certains lands known as "Hanson's Picnic Grounds" at Harveys Lake, Luzerne County, Pennsylvania. It is alleged that by agreement dated March 12, 1935, plaintiff sold to Nettie R. Wintersteen, one "Carousel Merry-go-round" and one "Dodgem Jr.", situate on part of the premises, and in connection therewith leased to her sufficient ground on which to operate the amusement devices. The agreement contained certain terms and conditions which obligated the vendee to pay to the vendor 25 percent of the gross receipts derived from said operation, settlement to be made daily, and an additional 10 percent under certain specified conditions.

Plaintiff also alleged that on March 20, 1935, Nettie

R. Wintersteen assigned all her right, title and interest in the said agreement to defendant, wherein the latter covenanted and agreed to assume, perform and discharge all terms, covenants and conditions of the agreement.

The complaint also avers that on July 14, 1958, defendant executed and delivered a check to plaintiff in the sum of $171.02 in part payment, which was subsequently returned marked "insufficient funds." It is contended that defendant has been in default of payment, and that although plaintiff notified defendant, the default has continued. It is averred that consequently, defendant's lease expired on July 24, 1958, and that despite plaintiff's demands, defendant refuses to surrender possession of the land involved.

Plaintiff requests entry of judgment against defendant for recovery of possession of said land; for $677.44 money damages sustained because of defendant's failure to make payment with interest thereon from August 1, 1958, together with interest from the time the other payments became due and owing; and finally, for any other damages sustained by plaintiff due to damage to the land or loss of profits until the time of trial.

The basis of defendant's motion to strike off the complaint is that plaintiff failed to set forth the alleged claim for damages in a separate count. The essence of defendant's position raising the defense misjoinder of causes of action is that the alleged claim for rentals cannot be joined in an action of ejectment.

A study of the complaint reveals interchangeable reference to claims for rental loss and an action for profits for the use of or damages or injury to the land. It is necessary that we distinguish rents from mesne profits and to determine whether or not a claim for either may be properly made in an action of ejectment.

An action for rent is ex contractu in nature: Wilson Estate, 349 Pa. 646, 649. In an agreement of lease, it is the compensation for the use of the land and for

such personal property included and necessary for the letting, or at least associated with the proper enjoyment of the premises: Vetter's Appeal, 99 Pa. 52.

Mesne profits are the damages sought for unjust detention of the premises: Crecium v. McCann, 165 Pa. Superior Ct. 313, 315. They represent the intermediate profits from the time the right of possession accrued until possession is recovered in an action of ejectment. Unlike rent which arises out of a contract expressed or implied, an action for mesne profits is in trespass and involves the period from and after the date of the inception of the defendant's tortious holding. See Sheehan v. Baldino, 5 D. & C. 2d 745, 752.

The propriety of including claims for the recovery of rent as contrasted to mesne profits in an action of ejectment may be resolved by study of the following pertinent sections of the Pa. R. C. P. Rule 1020(a) states:

"The plaintiff may state in the complaint two or more causes of action triable in the same county which arise from contract or are quasi contractual. Each cause of action and any special damage related thereto shall be stated in a separate count containing a demand for relief."

The aforementioned rule should be read together with Rule 1055, which provides as follows:

"The plaintiff may state in the complaint any cause of action for profits for the use of or damages for injury to the land."

Consideration of these rules involved refutes plaintiff's contention that the right to recover rent and possession coexists in the same action. The special provision in Pa. R. C. P. 1055, applicable to complaints in ejectment, narrowly restricts plaintiff's right to join causes of action in the complaint. The broad joinder permitted under Pa. R. C. P. 1020(a) is excluded.

This conclusion is strengthened by understanding that Pa. R. C. P. 1020(a) would be inappropriate even

without the aforementioned limitation. This rule refers to joinders of causes of action which are contractual or quasi contractual. Ejectment is not embraced within its application. Ejectment is a possessory action for real property and is essentially ex delicto. See Dice v. Reese, 342 Pa. 379, 385; 13 Standard Pa. Pract. §3, at page 416, and cases cited therein.

Pa. R. C. P. 1055 excludes the joinder by plaintiff in ejectment of any cause of action except an action for profits for the use of or damages for injury to the land. These related rights may properly be adjudicated simultaneously with the main issue.

Application of the aforementioned rules of civil procedure demonstrates that an action of ejectment may not properly include a claim for rent. We have noted that the one is an action in contract, and the other sounds in tort. Causes of action in assumpsit may not be joined in the same complaint with causes of action in trespass: Krasulak v. Waterbor & Douglas, Inc., 23 D. & C. 2d 307; Dussell v. Kaufman Construction Company (No. 2), 15 D. & C. 2d 731.

The prohibition against joinder of actions in ejectment with a claim for rent does not preclude a claim for mesne profits in the possessory action. It is well established that a plaintiff may properly declare for mesne profits in an action of ejectment: Crecium v. McCann, supra; Narzisi v. Allentown-Bethlehem Gas Company, 32 Northamp. 41. We must agree, however, with the proposition raised in defendant's preliminary objection that such a claim for damages must be raised in a separate count: Sheehan v. Baldino, 5 D. & C. 2d 745, 752; Goodrich-Amram §1055-1.

We do not believe an outright dismissal of plaintiff's cause of action is warranted. We rather believe that justice should allow amendment of the pleading consonant with the principles enunciated. Consequently, we will permit an amendment of the complaint to include the action in ejectment with trespass for any

mesne profits. If plaintiff elects to make such a joinder, the two claims must be set up in separate counts.

The permission herein granted to amend the complaint must be qualified by the condition that defendant is not to be deprived of any substantial rights. The latter may plead and prove any defense or bar which he may have to the revised allegations against him.

Accordingly, we enter the following:

*Order*

Now, October 18, 1963, at 3 p.m., defendant's preliminary objections are sustained and plaintiff is directed to file an amended pleading or new pleading in accordance with this opinion within 20 days from the date of this order.